USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07 | 02 | 13

UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

SETH D. HARRIS, Acting Secretary of Labor,           :      Civil Action File
United States Department of Labor,
                                                     :      No. 13  Civ  4109 (HB)
                       Plaintiff,
              v.                                     :      CONSENT JUDGMENT

EMPIRE EAST 88 INC. d/b/d East Pacific Restaurant,   :
EMPIRE EAST SECOND INC. d/b/a East Pan Asian Bistro,
and YU ZHANG, Individually and as Officer,

                                                     :
                       Defendants.

------------------------------------------------------           :

        Plaintiff, the Secretary of Labor, has filed her Complaint and defendants  EMPIRE

EAST 88 INC., EMPIRE EAST SECOND INC., and YU ZHANG appeared by Counsel, waive

their answer, and agree to the entry of this judgment without contest.  By executing this Consent

Judgment, defendants waive formal service of process of the summons and complaint in this

matter.

        Defendants  acknowledge  their  responsibilities  pursuant  to  this  agreement,  and

acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply

with the provisions of this Judgment.  It is, therefore, upon motion of the attorneys for plaintiff

and for cause shown ORDERED that:

        I. Defendants, their officers, employees, agents, and all persons acting or claiming to act

in  the  defendants'  behalf  and  interest  be,  and  they  hereby  are,  permanently  enjoined  and

restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair

Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of

the following manners:

(1)     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2)     Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by him as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

(4) Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in any of the following activities:

a.     Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy or practice of the employer or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

b.     Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act or a rule or

2

regulation promulgated pursuant to the Act, by the employer or another employer with whom there is a business relationship.

      c.     Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

      II. Defendants EMPIRE EAST 88 INC., EMPIRE EAST SECOND INC., and YU ZHANG are enjoined and restrained from withholding the payment of a total of **$203,450.31** in minimum wage and overtime compensation and **$101,725.28** in liquidated damages plus post-judgment interest in the amount of **$4,234.27** due certain employees listed on Exhibit A. Payment o f this amount will be made in monthly installments in accordance with the amounts and due dates set forth in Exhibit B. All installment payments shall be in separate cashier or certified checks made payable to **"Wage and Hour Division - Labor" with "Case No. 1627599 & 1656869 " written on the face of each check.** The checks shall be sent to:

> **U.S. Department of Labor/Wage & Hour Division**
> **The Curtis Center, Suite 850, West**
> **170 S. Independence Mall West**
> **Philadelphia, PA 19106-3317**

III. A copy of each of the checks shall be sent to **U.S. Department of Labor, Wage & Hour Division, 26 Federal Plaza Room 3700, New York, NY 10278, Attn: Mr. Alfonso H. Holder.**

IV. If the defendants fail to make an installment payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

V. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

VI. The plaintiff shall deliver the proceeds of each check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VII. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VIII. Defendants shall pay civil money penalties in the amounts of **$16,830** (for willful minimum wage and overtime violations) **no later than June 1, 2013.** Payment shall be made by two separate cashier or certified check[s] made payable to **"Wage and Hour Division - Labor"** with **"Civil Money Penalty – FLSA Case No. 1627599 & 1656869" written on the face of the checks. Defendants shall pay $8,415 of these civil money penalties by May 17, 2013. Defendants shall pay an additional $8,415 in civil money penalties by June 1, 2013.**

4

The certified check[s] shall be sent to:

**U.S. Department of Labor/Wage Hour Division**
**The Curtis Center, Suite 850 West**
**170 S. Independence Mall West**
**Philadelphia, PA 19106-3317**

A copy shall be sent to Mr. Alfonso H. Holder as set forth in paragraph III above.

IX.  If the defendants fail to make the payments as set forth above, upon notice to the defendants, the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment.  In the event a Receiver is appointed:

(1)  Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2)  All the expenses of the accountant or Receiver shall be borne solely by defendants.

(3)  If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

(4)  The Receiver shall have full authority to: collect the defendants' assets and report his/her findings to the Court and the parties; to redeem and/or liquidate the defendants' assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of the defendants' assets; to prevent waste or fraud; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

5

X. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

XI. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

XII.   Defendants shall inform all of their tipped employees of the tip credit provisions of section 3(m) of the Act, 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59(b). XIII. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after May 15, 2012.

XIV. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

UNITED STATES DISTRICT JUDGE

DATED:

**New York, New York**

Defendants have appeared by counsel and
consent to the entry of this Judgment.

EMPIRE EAST 88 INC., EMPIRE EAST SECOND INC.

BY:

_____
**YU ZHANG, Owner**

_____
**YU ZHANG, Individually and as officer**

_____
**HENG WANG, Esq**
**Heng Wang & Associates P.C.**
**7 Mott Street Suite 600**
**New York, NY 10013**

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

7

RESOLVED, that EMPIRE EAST 88 INC. and EMPIRE EAST SECOND INC. hereby ratifies and confirms the offer made to SETH HARRIS, Acting Secretary of Labor, with respect to the alleged violations of the Fair Labor Standards Act of 1938, as amended, and that the corporations consent to the entry of the Consent Judgment, said judgment to be entered in an action which has been filed by SETH D. HARRIS, Acting Secretary of Labor, against the corporations and the officers of the corporations be, and they hereby are, authorized to do and perform all acts and things necessary to effectuate the provisions of said judgment and any or all stipulations, amendments and changes therein.

The undersigned, **YU ZHANG**, owner of EMPIRE EAST 88 INC. and EMPIRE EAST SECOND INC., hereby certifies that the foregoing is a true copy of a resolution adopted by the Corporations, as evidenced by the signature of the officer of the Corporations who is duly authorized to bind the Corporation to the terms of this injunction against it. The undersigned further certifies that **YU ZHANG** whose signature appears below is an employee of said corporations and that he has duly been authorized by said resolution to execute the aforementioned consent to the entry of said judgment on behalf of the corporations.

**YU ZHANG, President/Authorized Officer**

8

STATE OF NEW YORK     )

                          :SS:

COUNTY OF ~~QUEENS~~  )
New York

On the 9th day of May 2013 before me came **YU ZHANG** to me known, who, being by me duly sworn, did depose and say that he is the owner of EMPIRE EAST 88 INC. and EMPIRE EAST SECOND INC., the corporations described in and which executed the foregoing instrument, that he is a duly authorized officer of said corporations, and that he signed his name thereto by like order.

HENG WANG
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WA6206365
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 18, 20

_____

**NOTARY PUBLIC**


STATE OF NEW YORK       )

                          :SS:

COUNTY OF ~~QUEENS~~    )
New York

On the 9th day of May 2013 before me personally appeared **YU ZHANG**, to me known and known to me to be the individual described in and who executed the foregoing instrument and they duly acknowledged to me that they executed the same.

_____

NOTARY PUBLIC

9

HENG WANG
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WA6206365
QUALIFIED IN NEW YORK COUNTY
COMMISSION EXPIRES MAY 18, 20

# Exhibit A

| Exhibit A | | #1627599 | | | | |
|---|---|---|---|---|---|---|
| Empire East 88 Inc. | | D/B/A East Pacific Restaurant | | | | |
| | | | | Liquidated | | Total |
| First Name | MI | Last Name | BWs Due | Damages | Interest | Due |
| | | | | | | |
| ADA | | UNKNOWN | $1,416.22 | $708.11 | $0.00 | $2,124.33 |
| ANDY | | UNKNOWN | $911.27 | $455.64 | $41.01 | $1,407.92 |
| UNKNOWN | | CARSON | $129.41 | $64.71 | $5.82 | $199.94 |
| CATHY | | UNKNOWN | $1,132.56 | $566.28 | $49.55 | $1,748.39 |
| CHENG 'ALAN' | | CHEN | $2,265.12 | $1,132.56 | $0.00 | $3,397.68 |
| YA YUN (SKY) | | CHEN | $2,963.53 | $1,481.77 | $126.52 | $4,571.82 |
| ZHONG YAO | | CHEN | $776.47 | $388.24 | $28.15 | $1,192.86 |
| LUCIANO | | FLORENTINO | $900.00 | $450.00 | $39.38 | $1,389.38 |
| ZI (STEVEN) | | GANNZOU | $452.94 | $226.47 | $20.38 | $699.79 |
| PABLO | | GARCIA | $9,053.22 | $4,526.61 | $14.74 | $13,594.57 |
| PANCHO | F | GARCIA | $442.00 | $221.00 | $19.89 | $682.89 |
| BULFRANO 'ZORRITA' | G | GARCIA-CARRO | $9,337.92 | $4,668.96 | $43.01 | $14,049.89 |
| CHING 'GEORGE' | | HING WONG | $1,132.56 | $566.28 | $7.08 | $1,705.92 |
| CHAO 'ERIC' | | HONG CHEN | $3,208.92 | $1,604.46 | $22.06 | $4,835.44 |
| JUN MING | | HU | $9,123.53 | $4,561.77 | $80.25 | $13,765.55 |
| JENNIFER | | UNKNOWN | $1,226.94 | $613.47 | $45.03 | $1,885.44 |
| JERRODO | | UNKNOWN | $943.80 | $471.90 | $9.44 | $1,425.14 |
| JOYCE | | UNKNOWN | $943.80 | $471.90 | $35.39 | $1,451.09 |
| KENNY B | | UNKNOWN | $660.66 | $330.33 | $24.77 | $1,015.76 |
| CHUI 'KUI 'KEVIN' | | LI | $849.42 | $424.71 | $35.04 | $1,309.17 |
| ZHUO WEN | | LIANG | $9,123.53 | $4,561.77 | $109.27 | $13,794.57 |
| KELSEY | | LIN | $476.47 | $238.24 | $21.44 | $736.15 |
| QIU EN 'ANDY' | | LIN | $3,586.44 | $1,793.22 | $60.20 | $5,439.86 |
| RUI ZUO | | LIN | $9,123.53 | $4,561.77 | $135.32 | $13,820.62 |
| WAN WEN | | LU | $4,529.41 | $2,264.71 | $173.07 | $6,967.19 |
| LEONARDO | | MENDEZ | $11,136.84 | $5,568.42 | $0.00 | $16,705.26 |
| NACHO | | UNKNOWN | $5,662.80 | $2,831.40 | $103.11 | $8,597.31 |
| POH CHING | | ONG | $7,677.45 | $3,838.73 | $156.18 | $11,672.36 |
| CARLOS | | RAMIREZ | $10,004.28 | $5,002.14 | $231.00 | $15,237.42 |
| JESUS | | REYES HERNANDEZ | $997.98 | $498.99 | $43.66 | $1,540.63 |
| UNKNOWN | | RODRIGUES | $5,190.90 | $2,595.45 | $205.87 | $7,992.22 |
| JOSE | | RODRIGUEZ | $1,038.18 | $519.09 | $46.08 | $1,603.35 |
| SAM | | UNKNOWN | $660.66 | $330.33 | $26.98 | $1,017.97 |
| CHAO | | WAT | $1,051.47 | $525.74 | $47.31 | $1,624.52 |
| RAY | | WEN | $3,586.44 | $1,793.22 | $90.29 | $5,469.95 |
| BIAO SHANG | | YAN | $4,192.94 | $2,096.47 | $174.82 | $6,464.23 |
| QI SHENG | | YAN | $10,127.12 | $5,063.56 | $277.45 | $15,468.13 |
| XIU ZHEN 'TRACY' | | ZHANG | $3,775.20 | $1,887.60 | $111.57 | $5,774.37 |
| ZHI WEN | | ZHONG | $9,853.41 | $4,926.71 | $311.68 | $15,091.80 |
| JIWEN | | ZHOU | $10,127.12 | $5,063.56 | $352.86 | $15,543.54 |
| | | Total Due | $159,792.46 | $79,896.23 | $3,325.67 | $243,014.42 |

| Exhibit A | | | | | | |
|---|---|---|---|---|---|---|
| Empire East Second Inc. | | #1656869 | | | | |
| East Pan-Asian Bistro | | | | | | |
| | | | | Liquidated | | Total |
| First Name | MI | Last Name | BWs Due | Damages | Interest | Due |
| | | | | | | |
| UNKNOWN | | CHEN | $1,136.69 | $568.35 | 48.85 | $1,753.89 |
| ZHI LIANG | | CHEN | $5,061.51 | $2,530.76 | 0.87 | $7,593.14 |
| PETER | | HE | $1,799.98 | $899.99 | 59.73 | $2,759.70 |
| JAVIER | | JIMENEZ | $9,708.20 | $4,854.10 | 122.8 | $14,685.10 |
| UNKNOWN | | JIN | $816.67 | $408.34 | 36.23 | $1,261.24 |
| UNKNOWN | | JING | $688.52 | $344.26 | 30.98 | $1,063.76 |
| GUO LIN | | LEI | $2,476.91 | $1,238.46 | 6.94 | $3,722.31 |
| LIN | | LIN | $1,828.19 | $914.10 | 71.84 | $2,814.13 |
| RUI ZUI | | LIN | $2,476.91 | $1,238.46 | 14.1 | $3,729.47 |
| XIAO JIA | | LIN | $2,559.15 | $1,279.58 | 69.28 | $3,908.01 |
| ZHEN MING | | LIN | $1,507.68 | $753.84 | 55.21 | $2,316.73 |
| YANG JIAN | | PING | $707.85 | $353.93 | 26.62 | $1,088.40 |
| RAUL | | UNKNOWN | $245.45 | $122.73 | 10.74 | $378.92 |
| PASCUAL | | ROMERO | $3,510.00 | $1,755.00 | 82.58 | $5,347.58 |
| JING | | ROY | $1,768.44 | $884.22 | 73.07 | $2,725.73 |
| XIA | | XU | $1,938.45 | $969.23 | 60.21 | $2,967.89 |
| HONG | | ZHENG | $2,476.91 | $1,238.46 | 49.81 | $3,765.18 |
| ZHE WEN | | ZHENG | $430.77 | $215.39 | 8.08 | $654.24 |
| ZE GUANG | | ZHU | $1,292.30 | $646.15 | 37.8 | $1,976.25 |
| JOSE | | ZUNIGA | $1,227.27 | $613.64 | 42.86 | $1,883.77 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | Total Due | $43,657.85 | $21,828.93 | $908.60 | $66,395.44 |

# Exhibit B

| Empire East 88 Inc. | | Empire East Second Inc. | | |
| --- | --- | --- | --- | --- |
| D/B/A East Pacific Restaurant | | D/B/A East Pan-Asian Bistro | | |
| #1627599 | | #1656869 | | |
| | | | | |
| Initial Payment: $30,517.56 | | AMOUNT | INTEREST | TOTAL |
| Payment No. 1 | Date Due | DUE | DUE | DUE |
| 1 | 04/15/2013 | $7,629.39 | $13.84 | $7,643.23 |
| 2 | 05/15/2013 | $7,629.39 | $30.81 | $7,660.20 |
| 3 | 06/15/2013 | $7,629.39 | $22.08 | $7,651.47 |
| 4 | 07/15/2013 | $7,629.39 | $9.53 | $7,638.92 |
| 5 | 08/15/2013 | $7,629.39 | $30.30 | $7,659.69 |
| 6 | 09/15/2013 | $7,629.39 | $143.48 | $7,772.87 |
| 7 | 10/15/2013 | $7,629.39 | $19.42 | $7,648.81 |
| 8 | 11/15/2013 | $7,629.39 | $113.74 | $7,743.13 |
| 9 | 12/15/2013 | $7,629.39 | $19.28 | $7,648.67 |
| 10 | 01/15/2014 | $7,629.39 | $12.93 | $7,642.32 |
| 11 | 02/15/2014 | $7,629.39 | $132.02 | $7,761.41 |
| 12 | 03/15/2014 | $7,629.39 | $11.62 | $7,641.01 |
| 13 | 04/15/2014 | $7,629.39 | $63.55 | $7,692.94 |
| 14 | 05/15/2014 | $7,629.39 | $102.48 | $7,731.87 |
| 15 | 06/15/2014 | $7,629.39 | $202.58 | $7,831.97 |
| 16 | 07/15/2014 | $7,629.39 | $10.98 | $7,640.37 |
| 17 | 08/15/2014 | $7,629.39 | $291.80 | $7,921.19 |
| 18 | 09/15/2014 | $7,629.39 | $15.16 | $7,644.55 |
| 19 | 10/15/2014 | $7,629.39 | $8.80 | $7,638.19 |
| 20 | 11/15/2014 | $7,629.39 | $156.08 | $7,785.47 |
| 21 | 12/15/2014 | $7,629.39 | $269.60 | $7,898.99 |
| 22 | 01/15/2015 | $7,629.39 | $10.07 | $7,639.46 |
| 23 | 02/15/2015 | $7,629.39 | $149.40 | $7,778.79 |
| 24 | 03/15/2015 | $7,629.39 | $357.43 | $7,986.82 |
| 25 | 04/15/2015 | $7,629.39 | $12.06 | $7,641.45 |
| 26 | 05/15/2015 | $7,629.39 | $64.21 | $7,693.60 |
| 27 | 06/15/2015 | $7,629.39 | $384.81 | $8,014.20 |
| 28 | 07/15/2015 | $7,629.39 | $9.43 | $7,638.82 |
| 29 | 08/15/2015 | $7,629.39 | $130.36 | $7,759.75 |
| 30 | 09/15/2015 | $7,629.39 | $257.66 | $7,887.05 |
| 31 | 10/15/2015 | $7,629.39 | $275.29 | $7,904.68 |
| 32 | 11/15/2015 | $7,629.39 | $102.89 | $7,732.28 |
| 33 | 12/15/2015 | $7,629.39 | $210.40 | $7,839.79 |
| 34 | 01/15/2016 | $7,629.39 | $176.60 | $7,805.99 |
| 35 | 02/15/2016 | $7,629.39 | $225.59 | $7,854.98 |
| 36 | 03/15/2016 | $7,629.38 | $187.99 | $7,817.37 |
| | | | | |
| | Total Due | $274,658.03 | $4,234.27 | $278,892.30 |